IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:08-CV-70-BO

| | |
|---|---|
| JURLY DICKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the parties' Motions for Judgment on the Pleadings pursuant to FED. R. CIV. P. 12(c). Pursuant to the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the Commissioner's decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. The administrative law judge's ("ALJ") decision is REVERSED and the case is REMANDED for further proceedings consistent with this opinion because: (1) the ALJ erred when he failed to properly consider Plaintiff's treating physician's opinion; and (2) the residual functional capacity ("RFC") determination is not supported by substantial evidence.

First, the ALJ's failure to afford proper deference to Plaintiff's treating physician's opinion was in error. Treating physician opinions are entitled to controlling weight if they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques and [are] not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§

404.1527(d)(2), 416.927(d)(2); see *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996). Plaintiff was treated by Dr. David Martin ("Dr. Martin") at various points from August 1999 through June 2007 for chronic back pain, hip pain, and leg pain. Dr. Martin's opinion that Plaintiff is limited to sedentary work is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. Accordingly, the ALJ's failure to give Dr. Martin's opinion controlling weight was in error.

Second, the ALJ's determination that Plaintiff's RFC was light work is not supported by substantial evidence. Not a single physician who evaluated Plaintiff determined that her RFC was light. As noted above, Plaintiff's treating physician opined that Plaintiff is limited to sedentary work, an opinion which should have been given greater deference. In addition, the uncontroverted evidence established that Plaintiff is required to elevate her leg above hip-level for six hours per day, a postural limitation requiring vocational expert testimony, which was not offered. Accordingly, the ALJ's determination that Plaintiff's RFC was light work is not supported by substantial evidence.

Therefore, because the ALJ erred in failing to afford proper deference to Plaintiff's treating physician's opinion and because the ALJ's RFC determination is not supported by substantial evidence, the ALJ's decision is REVERSED and the case is REMANDED for a new hearing.

SO ORDERED, this **13** day of February 2009.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE